(SPACE BELOW FOR FILING STAMP ONLY)

1  Solomon E. Gresen [Sbn: 164783]
**Law Offices of Rheuban & Gresen**
2  15910 Ventura Boulevard, Suite 1610
Encino, California 91436
3  Telephone: (818) 815-2727
Facsimile:  (818) 815-2737
4

5  Kirby D. Farris [pending admission pro hac vice]
**FARRIS, RILEY & PITT, LLP**
The Historic Massey Building
6  2025 Third Avenue North, Suite 400
Birmingham, Alabama 35203
7  Telephone: (205) 324-1212
Facsimile:  (205) 324-1255
8

9  Attorneys for Plaintiffs Brandon D. Revoner, Barry P. Cristantiello, and others similarly situated

FILED

10 JUL -7  PM 3: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  BRANDON D. REVONER and BARRY ) CASE NO.: **CV 10   4989 - RSWL (JEM)**
P. CRISTANTIELLO, individuals, on )
14  behalf of themselves and all others ) COMPLAINT FOR DAMAGES
similarly situated, )
15                                      ) **1.  Declaratory Relief;**
Plaintiffs,   ) **2.  Violation of FLSA (*29 U.S.C.***
16                                      )     ***§207, et seq.);***
                                       ) **3.  Willful Violation of FLSA (*29***
17  v.                                  )     ***U.S.C. §207, et seq.)***
                                       )
18  ALLIED BARTON SECURITY )
SERVICES, LLC., and DOES )
19  1 through 100, inclusive,           ) **[COLLECTIVE ACTION**
                                       ) **PURSUANT TO FLSA §216(B)]**
20            Defendants.               )
_____ ) **[DEMAND FOR JURY TRIAL]**
21

22

23       Plaintiffs BRANDON REVONER and  BARRY CRISTANTIELLO,

24  individuals and all others similarly situated and on behalf of the general public,

25  complain and allege as follows:

26            **JURISDICTION, PARTIES AND VENUE**

27       1.    This Court has jurisdiction over this action as the controversy arises

28  under the Fair Labor Standards Act (hereinafter "FLSA").

1
COMPLAINT FOR DAMAGES

2.    Venue is proper in this Court because a substantial part of the Defendant's business is conducted within the geographical boundaries of the Central District of California.

3.    Plaintiff BRANDON REVONER (hereinafter "Revoner" or "Plaintiff") is a resident of Los Angeles, California.

4.    Plaintiff BARRY CRISTANTIELLO (hereinafter "Cristantiello" or "Plaintiff") is a resident of Camarillo, California.

5.    Defendant ALLIED BARTON SECURITY SERVICES, LLC, (hereinafter "Allied Barton"), is and was at all times relevant hereto a corporation doing business under and by virtue of the laws of the State of California, and at all times relevant hereto was engaged in commerce within California, and throughout the various States of the United States of America.

6.    Plaintiff Revoner was employed by Allied Barton as a security guard working at locations in Los Angeles County in the State of California.

7.    Plaintiff Cristantiello was employed by Allied Barton as a security guard working at locations in Ventura County in the State of California.

8.    Each of DOES 1 through 100, inclusive, is so named because the true names and/or capacities are unknown to the Plaintiffs at this time.  Plaintiffs will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 100 have been ascertained.

9.    Plaintiffs are informed, believe and allege that each defendant was an agent, employee, partner, and/or alter ego of each of the other remaining defendants, and in doing the things herein alleged was acting within the scope and course of such agency and/or employment.

//
//
//

2

COMPLAINT FOR DAMAGES

10. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged were proximately caused by such defendants.

11. Defendants, and each of them, save and except the corporate defendant that are sued as corporate entities, are sued in their individual and official capacities.

12. The acts of defendants were in accordance with, and represent the official policies of Allied Barton, or those whose edicts or acts may fairly be said to represent said official policies.

13. Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## COLLECTIVE ACTION ALLEGATIONS

14. The named Plaintiffs bring this suit as a collective action pursuant to § 216(b) of the FLSA on behalf of themselves and all other security guards presently or previously employed by Allied Barton in the United States of America. The named Plaintiffs and the employees whom the named Plaintiffs seek to represent have been victimized by a pattern or policy that violates the FLSA.

15. A collective action under the FLSA is not a "traditional" class action as established by Rule 23(a) of the Federal Rules of Civil Procedure. However, some courts have suggested that collective actions under the FLSA must also meet the requirements of Rule 23(a) class actions in addition to the requirements of § 216(b) of the FLSA. To that end, the Plaintiff asserts as follows:

          a. Potential members of the "class" are so numerous that joinder of all class members is impractical. Proceeding as a collective action is a more efficient and expeditious method in this matter.

          b. The named Plaintiffs will fairly and adequately protect the interests of the members of the "class" as there is no antagonism

of interests between the named Plaintiffs and the conduct that is alleged on behalf of the "class" as a whole. Furthermore, the named Plaintiffs have retained counsel competent and experienced in complex litigation (i.e. collective actions and class actions.)

c.   The named Plaintiffs' claims are typical of the claims of the members of the "class." The named Plaintiffs and members of the "class" sustained damages arising out of the same wrongful conduct by the Defendant.

d.   The Defendant engaged in a pattern or practice that was and is in violation of the FLSA. This pattern or practice is common to all members of the "class." Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts from which the liability issues raise.

e.   Plaintiffs know of no difficulty that will be encountered in the management

## STATEMENT OF THE FACTS

16.   This action is brought under the *Fair Labor Standards Act of 1938* to recover unpaid compensation for time worked and overtime compensation that was wrongfully withheld by the Defendant, as well as other penalties.

17.   At all times herein relevant, the Defendant was an employer within the definition of the FLSA, and the Plaintiffs were at all times herein relevant employees of the Defendant within the definition of the FLSA.

18.   At all times herein relevant, Defendant's annual gross volume of business done is not less than $500,000.00.

//

//

4

COMPLAINT FOR DAMAGES

19.     The Defendant employed the Plaintiffs in non-exempt work as unarmed security guards.  At all relevant times, the named Plaintiffs performed the job functions and duties of security guards.

20.     The "Class Period" is designated as the time from June 7, 2006, through the date judgment is entered, based upon information and belief that the violations of the FLSA, as described more fully hereinafter, began long before June 7, 2006, and are continuing.  Plaintiffs herein reserve the right to amend this Complaint for Damages to reflect a different "Class Period" as discovery in this matter proceeds.

21.     During the "Class Period," Defendants, and each of them, acting in concert, agreed to institute a plan, and did institute a plan, pursuant to which Allied Barton would and did unlawfully and willfully fail to pay for all hours worked and overtime compensation to the plaintiffs and members of the plaintiff class.

22.     Specifically, Defendant has implied and enforced a policy of requiring the Plaintiffs and members of the plaintiff class of security guards to work uncompensated time and overtime in violation of Federal Law, including the Fair Labor Standards Act of 1938 *(29 U.S.C. §207, et seq.* Defendant's practicing policy, is and, at all relevant times has been, to fail and refuse to pay for all hours worked and overtime compensation due and owing to the Plaintiffs and members of the plaintiff class in violation of the FLSA.

23.     As part of the above-described policy, Plaintiffs and members of the plaintiff class were required to work without compensation, including work in excess of forty (40) hours per week without being paid overtime compensation for all hours  worked in excess of forty (40) hours in a work week as required by the FLSA.  Plaintiffs and members of the plaintiff class were also required to work in excess of eight (8) hours per day without being paid overtime compensation for all hours  worked in excess of eight (8) hours per day as required by the FLSA.

24.     Specifically, Plaintiffs and the plaintiff class were required to perform preliminary and postliminary duties, including an activity commonly referred to as

"passdown." The work activities performed during passdown are integral and indispensable to the security guards' primary job duties. The Defendant knew or should have known the Plaintiffs and other similarly situated security guards were performing preliminary and postliminary work as part of the principal activities of their jobs. Further, the Defendant knew or should have known of its obligation to accurately record and pay the Plaintiffs and other guards for this time. In failing to pay the Plaintiffs and other similarly situated security guards for preliminary and postliminary work, the Defendant has rounded up their hours without compensation to the employees. The Defendant's rounding up practice created discrepancies between time records and hours actually worked, worked to the advantage of the Defendant and to the disadvantage of the plaintiffs and the plaintiff class, and averaged out such that plaintiffs and the plaintiff class were not fully compensated for all the time they actually worked.

25.   The Plaintiffs and the plaintiff class were required to incur time spent traveling between job sites. Specifically, the Plaintiffs and plaintiff class were routinely required to perform work at one job location and then travel to another job location whereby they resumed their work duties and responsibilities as unarmed security guards. The time spent traveling between job locations was done at the direction of, and conferring a benefit upon, Defendant Allied Barton. The aforementioned travel time is not excluded from compensation under the Portal-to-Portal Act. The Defendant knew or should have known that the Plaintiffs and other similarly situated security guards were traveling between job locations at the direction of Allied Barton supervisors. Further, the Defendant knew or should have known of its obligation to accurately record and pay the Plaintiffs and other guards for this time. In failing to pay the Plaintiffs and other similarly situated security guards for travel time, the Defendant has violated the FLSA.

//

COMPLAINT FOR DAMAGES

26.    The Plaintiffs allege that the same illegal and wrongful pay practices asserted above apply to both current and former Allied Barton employees, said current and former employees being owed compensation for unpaid wages and overtime.

27. ·  This illegal and wrongful pattern or practice on the part of Allied Barton with regard to wage and overtime compensation for employees was, and is, in violation of the FLSA, and was carried out by Allied Barton through a system of employees to whom the Plaintiffs and all other employees reported, directly or indirectly.  These employees knowingly, willfully or with reckless disregard, carried out Allied Barton's illegal and wrongful pattern or practice regarding wages and overtime compensation for employees.

28.    Upon information and belief, all security guards employed by Allied Barton were subjected to the same wrongful practice and procedure.  At all times relevant, the security guards were non-exempt employees for purposes of hourly and overtime compensation.

## FIRST CAUSE OF ACTION
### DECLARATORY RELIEF
#### (Against All Defendants
#### on behalf of Plaintiffs and Plaintiff Class)

29.    Plaintiffs hereby repeat and replead paragraphs 1 through 37, inclusive, as if the same were set forth at length and verbatim herein.  This cause of action is pled against Defendant Allied Barton and DOES 1 –100, inclusive.

30.    An actual controversy has arisen and now exists between Plaintiffs and all persons similarly situated, on the one hand, and Defendants and each of them, on the other hand, relating to the following matters:

      a.    Whether defendants have unlawfully failed to pay wages and overtime compensation in violation of the Fair Labor Standards Act of 1938 *(29 U.S.C. §207, et seq.)*

//

7

b.     What amounts the Plaintiffs and plaintiff class are entitled to receive in unpaid wages and overtime pay;

c.     What amounts the Plaintiffs and members of the plaintiff class are entitled to receive in interest on unpaid compensation due and owing;

d.     What amounts the Plaintiffs and the plaintiff class are entitled to in restitution as a result of all Allied Barton defendants' above-cited violations of the FLSA;

e.     What amounts the Plaintiffs and the plaintiff class are entitled to in liquidated damages as a result of all Allied Barton defendants' above-cited violations of the FLSA; and

31.     Plaintiffs and the plaintiff class further seek entry of a declaratory judgment against Defendant Allied Barton herein and in Plaintiffs' favor which declares Defendants' practices as heretofore alleged to be unlawful, and which provides for recovery of all sums determined by this Court to be owed defendants, and each of them, to the Plaintiffs and plaintiff class.

## SECOND CAUSE OF ACTION
### VIOLATION OF FLSA, 29 U.S.C. §§ 207, 216(b)
**(Against All Defendants
on behalf of Plaintiffs and Plaintiff Class)**

32.     Plaintiffs hereby repeat and replead paragraphs 1 through 31, inclusive, as if the same were set forth at length and verbatim herein.  This cause of action is pled against Defendant Allied Barton and DOES 1 –100, inclusive.

33.     Defendant Allied Barton has not properly paid Plaintiffs and the plaintiff class for hours spent performing preliminary and postliminary duties; said duties being integral and indispensable to the primary job duties of the unarmed security guards.

//

//

COMPLAINT FOR DAMAGES

34.   Defendant Allied Barton has not properly paid Plaintiffs and the plaintiff class for hours spent traveling between job locations; said travel time being incurred at the direction of, and for the benefit of, the Defendant.

35.   Defendant has not properly paid overtime compensation for all hours worked in excess of forty (40) hours per week.

36.   Defendant's practice of failing to pay for all hours worked and overtime compensation for all work in excess of forty (40) hours to non-exempt employees was and is in violation of the FLSA.

37.   Plaintiffs and all employees presently employed by Allied Barton are entitled to an award of their unpaid wages and overtime compensation (at a rate of one and one-half times their regular pay) for the time period commencing two years prior to the filing of this Complaint to the date of any final award of such unpaid overtime compensation. All employees previously employed by Allied Barton in the United States are entitled to an award of their unpaid wages and overtime compensation (at a rate of one and one-half times their regular pay) for the time period commencing two years prior to the filing of this Complaint.

38.   Additionally, the Plaintiffs and all employees presently employed or employed in the past by Allied Barton are entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages and overtime compensation, as well as prejudgment interest, attorney's fees and costs, all to be determined at trial.

39.   WHEREFORE, Plaintiffs request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### WILLFUL VIOLATION OF FLSA, 29 U.S.C. §§ 207, 216(b)
#### (Against All Defendants
#### on behalf of Plaintiffs and Plaintiff Class)

40.   Plaintiffs hereby repeat and replead paragraphs 1 through 39, inclusive, as if the same were set forth at length and verbatim herein. This cause of action is pled against Defendant Allied Barton and DOES 1 –100, inclusive.

COMPLAINT FOR DAMAGES

41.     Defendant's practice of failing to pay wages and overtime compensation for all or some work in excess of forty (40) hours to non-exempt employees employed by Allied Barton was and is in violation of the FLSA.

42.     Defendant's violations of the FLSA were and are being done willfully. Defendant either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

43.     Plaintiffs and all employees presently employed by Allied Barton are entitled to an award of their unpaid wages and overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing three years prior to the filing of this Complaint to the date of any final award of such unpaid overtime compensation.  All employees previously employed by Allied Barton are entitled to an award of their unpaid wages and overtime compensation (at a rate of one and one-half times their regular pay) for the time period commencing three years prior to the filing of this Complaint.

44.     Additionally, the Plaintiffs and all employees similarly situated are entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages and overtime compensation as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

45.     WHEREFORE, Plaintiffs request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of plaintiff class pray for judgment as follows:

1.     For nominal damages;

2.     For compensatory damages;

3.     For restitution of all monies due to Plaintiffs and members of the plaintiff class, and disgorged profits from the unlawful business practice of defendants;

4.     For interest accrued to date;

COMPLAINT FOR DAMAGES

5.    Injunctive relief enjoining defendants from engaging in the unlawful and unfair business practices complained of herein;

6.    Declaratory relief declaring defendants have unlawfully failed to pay wages and overtime compensation in violation of Federal law to Plaintiffs and plaintiff class, and declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees Plaintiffs and members of the plaintiff class are entitled to thereunder.

7.    For Liquidated Damages pursuant to the FLSA; 29 U.S.C. 216(b);

8.    An accounting of defendants' books and records;

9.    For punitive and exemplary damages; and

10.   For all such other and further relief that the Court may deem just and proper.

DATE: July 6, 2010                    **RHEUBAN & GRESEN**


BY: _____
        SOLOMON E. GRESEN
        Attorneys for Plaintiffs and Plaintiffs' Class


**FARRIS, RILEY & PITT, LLP**
Kirby D. Farris
(pending admission pro hac vice)

## DEMAND FOR JURY TRIAL

NAMED PLAINTIFFS hereby demand a jury trial.

DATE: July 6, 2010                    **RHEUBAN & GRESEN**


BY: _____
        SOLOMON E. GRESEN
        Attorneys for Plaintiffs and Plaintiffs' Class

11
COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 4989 RSWL (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Solomon E. Gresen, Esq., [SBN: 164783]
LAW OFFICES OF RHEUBAN & GRESEN
15910 Ventura Boulevard, Suite 1610
Encino, California 91436

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON D. REVONER and BARRY P. CRISTANTIELLO, individuals, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ALLIED BARTON SECURITY SERVICES, LLC., and DOES 1 through 100, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 4989-RSW(JEMx)<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>ALLIED BARTON SECURITY SERVICES, LLC., and DOES 1 through 100,</u>
<u>inclusive</u>

  A lawsuit has been filed against you.

  Within <u> 21 </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u> Solomon E. Gresen </u>, whose address is <u>15910 Ventura Boulevard, Suite 1610, Encino, California 91436</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u> - 8 JUL 2010 </u>   By: _____
                                    Deputy Clerk

                                  *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>BRANDON D. REVONER and BARRY P. CRISTANTIELLO, individuals, on<br>behalf of themselves and all others similarly situated, | **DEFENDANTS**<br>ALLIED BARTON SECURITY SERVICES, LLC., and DOES 1 through 100,<br>inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>Law Offices of Rheuban & Gresen   Phone: (818) 815-2727<br>15910 Ventura Boulevard, Suite 1610   Fax:   (818) 815-2737<br>Encino, California 91436 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** To Be Determined at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Labor Standards Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| | ☐ 190 Other Contract | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV10 4989

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**